IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEOPLE'S UNITED EQUIPMENT FINANCE CORP., § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2581 |
| REILLY EQUIPMENT, LLC, *et al.*, | § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue, or In the Alternative, Motion to Transfer Venue ("Motion") [Doc. # 4] filed by Defendants Reilly Equipment, LLC ("Reilly Equipment"), Romero General Construction Corp. ("Romero"), Keith Reilly, Russ Reilly, and Scott Kimball, to which Plaintiff People's United Equipment Finance Corp. ("People's") filed a Response [Doc. # 9]. Defendants neither filed a reply nor requested additional time to do so. Having reviewed the record and governing legal authorities, the Court **denies** the Motion.

## I.     BACKGROUND

In March 2009, Plaintiff provided financing to Reilly Equipment for the acquisition of certain equipment. Reilly Equipment executed a promissory note ("Note") for $1,353,308.00 payable to Plaintiff. The Note was secured by a Security Agreement, granting Plaintiff a security interest in the equipment, which was listed on an attached schedule, as well as a blanket security interest in all assets of Reilly Equipment. Plaintiff filed UCC-1 Financing Statements to perfect the security interests.

Also in March 2009, Romero entered into a lease agreement ("Lease") to lease the equipment from Reilly Equipment with a total rent of $1,252,208.00. The Lease was then assigned to Plaintiff. In connection with the Lease, Romero granted Plaintiff a security interest in the leased equipment, as well as a blanket security interest in all assets of Romero. Plaintiff filed UCC-1 Financing Statements to perfect the security interests.

Keith Reilly, Russ Reilly and Scott Kimball each executed a guaranty covering Reilly Equipment's obligations under the Note. Keith Reilly also executed a guaranty covering Romero's obligations under the Lease.

Plaintiff alleges that Defendants have failed to make payments as due and, as a result, are in default. Plaintiff filed this lawsuit to recover under the various lease

and loan documents.  Defendants have moved to dismiss or transfer, asserting that this Court lacks personal jurisdiction over them and that venue in this district is improper.  The Motion is ripe for decision.

## II.     ANALYSIS

A party may consent to personal jurisdiction and venue in a particular court or courts.  *See, e.g., City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 505 (5th Cir. 2004); *Fin. Fed. Credit, Inc. v. A&J Plumbing, Inc.*, 2010 WL 4678705, *2 (S.D. Tex. Nov. 9, 2010) (Rosenthal, J.).  In this case, each of the Defendants signed a Note, Lease or guaranty consenting to "the exclusive jurisdiction and venue of any court located in Harris County, Texas."  *See* Affidavit of Michael H. King, attached to Response [Doc. # 9], and exhibits thereto.  Accordingly, Defendants in this case have all consented to this Court having personal jurisdiction over them and to venue in this district.  Consequently, personal jurisdiction and proper venue are present in this district and neither dismissal nor transfer is appropriate.

## III.    CONCLUSION AND ORDER

It appearing that each Defendant has consented to personal jurisdiction and venue in this district, it is hereby

**ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue, or In the Alternative, Motion to Transfer Venue ("Motion") [Doc. # 4] is **DENIED**.

SIGNED at Houston, Texas, this **8th** day of **September, 2011**.

_____
Nancy F. Atlas
United States District Judge